NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1304
_____

UNITED STATES OF AMERICA

v.

BRIAN DENNIS DOUGLAS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00196-001)
District Judge:  The Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2009

BEFORE: McKEE, Chief Judge,  CHAGARES and NYGAARD, Circuit Judges

(Filed   May 6, 2010 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Brian Dennis Douglas appeals his conviction under 18 U.S.C. § 2250(a) for failing to update his sex offender registry in Pennsylvania and in the State of Florida, in violation of the Sex Offender Registration and Notification Act (SORNA). On appeal, Douglas challenges the validity and applicability of SORNA on various grounds. We find no merit in any of Douglas' arguments because his contentions are foreclosed by our jurisprudence. We will briefly review the issues raised by Douglas on appeal.

First, neither the failure of Pennsylvania or Florida to implement SORNA affect Douglas' duty to update his sex offender registration. We have held as much recently in *United States v. Shenandoah*, 595 F.3d 151, 157 (3d Cir. 2010). Second, SORNA does not violate the *ex post facto* clause. *Id.* at 158-59. Douglas also raises a due process argument, which we rejected in *Shenandoah*. *Id.* at 159 n.4.

Likewise, Douglas' third argument was resolved by our decision in *Shenandoah*. SORNA does not require proof that the offender had actual notice of his registration obligation. *Id.* at 160. We additionally determined in *Shenandoah* that SORNA's provisions violate neither the Commerce Clause nor the Tenth Amendment to the Constitution. *Id.* at 160, 161-62. SORNA's provisions likewise do not violate Douglas' right to travel. *Id.* at 162.

Finally, as was the case in *Shenandoah*, we find Douglas lacks standing to challenge SORNA under the Administrative Procedure Act and to argue that SORNA

violates the nondelegation doctrine. *Id.* at 163-64. We will affirm the judgment of the District Court.